UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


ANTHONY J. FAILS,

        Plaintiff,

v.                                         Case No. 3:18-cv-664-J-39PDB

DEPT. OF CORRECTIONS,

        Defendant.

_____

## ORDER

Plaintiff Anthony J. Fails, an inmate of the Florida penal system, initiated this action on May 22, 2018, by filing an Emergency Motion for Injunction or T.R.O. (Motion; Doc. 1). Plaintiff asserts that Sgt. McCrea, who "jumped" him at a prior institution, has threatened "to kill Plaintiff [in] retaliation for . . . writing several grievances."[1] See Motion.

The Court is of the opinion that injunctive relief is not warranted.

> A preliminary injunction is an "extraordinary and drastic remedy." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Id.

---

[1] In light of his assertions, the Clerk of Court sent a copy of Plaintiff's Motion and the Amended Standing Order (Doc. 2) that is entered when an inmate makes a claim of suicidal intent or other imminent physical harm to the Inspector General and to the Warden of Hamilton Correctional Institution.

Citizens for Police Accountability Political Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam); Keister v. Bell, 879 F.3d 1282, 1287-88 (11th Cir. 2018). The movant must clearly establish the burden of persuasion as to the four requisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Plaintiff has failed to carry his burden, and he has failed to comply with the strictures of the applicable Federal Rules of Civil Procedure and this Court's Local Rules.[2] Therefore, his Motion is due to be denied.

Not only is Plaintiff's filing insufficient to warrant injunctive relief, to the extent he is attempting to raise claims regarding his conditions of confinement, he has not filed a complaint. As this Court has previously advised Plaintiff,[3] the Court has approved the use of a civil rights complaint form for cases filed by prisoners pursuant to 42 U.S.C. § 1983. The form requires a plaintiff to include detailed information regarding the defendants he intends to sue, the plaintiff's litigation history, a statement of the plaintiff's claims and facts, and the relief the plaintiff requests. Here, Plaintiff has not filed a complaint, nor has he provided the Court with all of the information required by the civil rights complaint form. If Plaintiff chooses to file a civil rights complaint, he may do so on the proper form, submit a copy of the form for each Defendant, and submit the $400.00 filing fee.[4] Plaintiff is advised that, if he elects to file a civil rights complaint, the Florida Department of Corrections is considered an "arm of the state," and therefore, not a properly-named defendant in a § 1983 case. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64, 70

---

[2] See Fed. R. Civ. P. 65; Local Rules 3.01(a), 4.05(b)(3)-(4), 4.06(b)(1), Local Rules, United States District Court for the Middle District of Florida.

[3] Plaintiff is a frequent filer in the federal courts. Indeed, Plaintiff has been designated a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). See Order (Doc. 6), No. 3:16-cv-1239-J-39PDB (M.D. Fla., Sep. 30, 2016).

[4] Because Plaintiff is a three-strikes litigant, he may not proceed in forma pauperis. See 28 U.S.C. § 1915(g).

(1989); <u>Gardner v. Riska</u>, 444 F. App'x 353, 355 (11th Cir. 2011) (holding the Department of Corrections, a state agency, is not a "person" under § 1983).

For the foregoing reasons, this case will be dismissed without prejudice subject to Plaintiff's right to initiate a new civil rights action to address any allegedly unconstitutional conditions of his confinement, if he elects to file one.[5]

Accordingly, it is

**ORDERED:**

1.      Plaintiff's request for injunctive relief (Doc. 1) is **DENIED**.

2.      This case is **DISMISSED without prejudice** subject to Plaintiff's right to initiate a new civil rights action in this Court, using the approved civil rights complaint form.

3.      The **Clerk** shall enter judgment dismissing this case without prejudice and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 23rd day of May, 2018.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Anthony J. Fails, #201484

---

[5] Due to his litigiousness, the Clerk has provided an overabundance of civil rights complaint forms that he fails to use. Plaintiff may write the Clerk to request a form if he decides to refile his claims.